IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOHN WOODSIDE, | § | CIVIL ACTION NO.: 17-10208 |
| | § | |
| Plaintiff, | § | |
| | § | JUDGE: |
| v. | § | |
| | § | |
| PACIFIC UNION FINANCIAL, LLC, | § | MAGISTRATE: |
| | § | |
| Defendant. | § | |
| | § | |

## NOTICE OF REMOVAL

Please take notice that, pursuant to 28 U.S.C. §§ 1332, 1367, 1441, and 1446, Pacific Union Financial, LLC ("Pacific Union" or "Defendant"), hereby removes this action from the 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana to the United States District Court for the Eastern District of Louisiana, as follows:

### I.

### STATE COURT ACTION

1. On October 4, 2016, Plaintiff, John Woodside, ("Plaintiff") filed a Petition for Damages (the "Petition") in the in the 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana, which is styled *John Woodside v. Pacific Union Financial, LLC*. The case was assigned docket No. 2016-14147 (the "State Court Action"). The Petition asserted exclusively state law claims related to $8,196 in annual insurance premiums.

2. On September 12, 2017, Plaintiff filed a Motion and Order to for Leave to file First Supplemental and Amending Petition for Damages (the "First Amended Petition") in the

State Court Action. Plaintiff served Pacific Union with the Motion seeking leave to amend on September 12, 2017. The proposed First Amended Petition asserts a putative class action on behalf of what is apparently a nationwide class. Moreover, as a result of the class allegations, the amount in controversy under the First Amended Petition satisfies the requirements for removal under both diversity jurisdiction and CAFA. This Notice of Removal is being filed within thirty days of service. Therefore, this Notice of Removal is timely served under 28 U.S.C. § 1441(b).

3. With this Notice of Removal and as a result of the Motion seeking leave to file the First Amended Complaint, Defendant removes the State Court Action to this Court under the Class Action Fairness Act ("CAFA"). 28 U.S.C. § 1332(d).

## II.

## PROCEDURAL REQUIREMENTS

4. Pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 98(a), this action is properly removed to this Court because the State Court Action is pending in the 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana, which is within this district and division.

5. The United States District Court for the Eastern District of Louisiana has jurisdiction over this action based on jurisdiction under CAFA. 28 U.S.C. § 1332.

6. Pursuant to 28 U.S.C. § 1446(a) and Eastern District of Louisiana Local Rule 3.2, Defendants attach hereto as Exhibit "A" *in globo* a copy of the entire record in the State Court Action including all process, pleadings, answers, orders, and returns of service of process available in the state court record, which was certified by the Clerk of Court for the Parish of St. Tammany. Also attached hereto as Exhibit "A-1" is a certified copy of the transaction history in the State Court Action.

7. Pursuant to 28 U.S.C. § 1446(d), a Notice of Filing of Notice of Removal is simultaneously being filed with the 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana, a copy of which is attached as Exhibit "B".

### III.

### CAFA JURISDICTION

8. This Court has federal subject matter jurisdiction pursuant to CAFA, which vests federal district courts with original jurisdiction over civil actions filed on behalf of a class involving 100 or more proposed class members in which the aggregate amount in controversy exceeds the sum or value of $5 million and at least one plaintiff is diverse from one defendant. See 28 U.S.C. §§ 1332(d), 1453; *see also Preston v. Tenet Healthsystem Memorial Medical Center, Inc.*, 485 F.3d 804, 810 (5th Cir. 2007) (stating "CAFA contains a basic jurisdictional test for removal, which requires the removing defendant to prove minimal diversity and an aggregated amount in controversy of $5,000,000 or more"). Under CAFA, if a defendant can show that it appears to a "reasonable probability" that the aggregate amount in controversy exceeds $5 million, removal is proper. *See Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 58 (2nd Cir. 2006).

9. Satisfying the diversity requirement, the named plaintiff, Woodside, is diverse from Pacific Union. Pacific Union is a California limited liability corporation with its principal place of business in Texas. *See* 28 U.S.C. § 1332(c)(1). The members of Pacific Union are individuals living in Texas. Plaintiff John Woodside—the only named plaintiff in this putative class action—alleges his home is located at 119 Hano Road, Madisonville, Louisiana. (First Am. Pet. ¶ 34); *Preston v. Tenet Healthsystem Memorial Medical Center, Inc.*, 485 F.3d 793, 797 (5th

Cir. 2007) (noting domicile location serves as the state of citizenship for an individual). Therefore, the first requirement for removal under CAFA is satisfied.

10.     With respect to amount in controversy, The claims of the individual class members "shall be aggregated" to determine whether the jurisdictional minimum has been met. 28 U.S.C. § 1332(d)(6); *see also Gene And Gene LLC v. BioPay LLC*, 541 F.3d 318, 324 (5th Cir. 2008); *Rasberry v. Capitol County Mut. Fire. Ins. Co.*, 609 F. Supp. 2d 594, 600-01 (E.D. Tex. 2009). While Woodside does not allege a specific amount in controversy, Woodside alleges Pacific Union "paid itself $7,141.19" related to Woodside's loan and that such payment was "excessive and unreasonable." (First Am. Pet. ¶ 32). Woodside alleges Pacific Union "holds and services thousands of mortgages" for which it may purchase insurance. (First Am. Pet. ¶¶ 2-4). Woodside further alleges that Pacific Union included portfolio monitoring and servicing costs, which, industry-wide, "amount[] to hundreds of millions of dollars a year." (First. Am. Pet. ¶ 41). Plaintiff seeks damages on behalf of "a nationwide Class" related to a variety of allegedly wrongful acts. (First Am. Pet. ¶¶ 42-46). With allegations on a nationwide basis of improperly charged insurance amounts involving "thousands" of borrowers by "one of the nation's largest mortgage companies" (First Am. Pet. ¶ 1), the amount in controversy easily exceeds $5 million in the aggregate and the requirement of one hundred class members.

## IV.

## CONCLUSION

11.     For the reasons set forth above, this Court has jurisdiction pursuant to CAFA because of the diversity between the named Plaintiff and Pacific Union, the amount in controversy exceeding $5 million in the aggregate, and the fact that the purported class allegedly contains in excess of one hundred class members.

WHEREFORE, Defendant Pacific Union Financial, LLC hereby removes this action from the 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana, to the United States District Court for the Eastern District of Louisiana, so that this Court may assume full jurisdiction as provided by law.

Dated: October 5, 2017.    Respectfully submitted,

   */s/ Bradley C. Knapp*
   Bradley C. Knapp
     LA Bar No. 35867
   LOCKE LORD LLP
   601 Poydras St., Suite 2660
   New Orleans, Louisiana 70130
   Telephone: (504) 558-5210
   Facsimile: (504) 910-6847
   bknapp@lockelord.com

   *ATTORNEY FOR DEFENDANT,*
   *PACIFIC UNION FINANCIAL, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on October 5th, 2017, I electronically submitted the foregoing document with the clerk of court for the United States District Court, Eastern District of Louisiana, using the electronic case filing system of the Court. I hereby certify that I have served all counsel and/or pro se parties of record listed below electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2):

| | |
|---|---|
| Randy J. Ungar<br>3701 Division Street #255<br>Metairie, LA 70002<br>randy@ungarlaw.net<br><br>*Counsel for Plaintiff* | Korey A. Nelson<br>Amanda K. Klevorn<br>BURNS CHAREST LLP<br>365 Canal Street, Suite 1170<br>New Orleans, LA 70130<br>knelson@burnscharest.com<br>aklevorn@burnscharest.com<br><br>*Co-counsel for Plaintiff* |

                                              */s/ Bradley C. Knapp*
                                              Bradley C. Knapp